J-S72009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MILTON R. FLORES | |
| Appellant | No. 517 MDA 2016 |

Appeal from the Judgment of Sentence February 1, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003923-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                  **FILED OCTOBER 12, 2016**

Appellant, Milton R. Flores, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his no-contest pleas to indecent assault, unlawful contact with minors, and corruption of minors.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In June 2014, Appellant touched Victim's buttocks, pulled down Victim's pants, and kissed her buttocks.  Victim was 13 years old.  At the time of the incident, Appellant was in a romantic relationship with Victim's mother. Victim told her mother about Appellant's conduct, and Victim's mother

---

[1] 18 Pa.C.S.A. §§ 3126(a)(8); 6301(a)(1); 6318(a)(1).

---

*Retired Senior Judge assigned to the Superior Court.

reported Appellant's behavior to the police.

The Commonwealth charged Appellant with the various offenses on June 12, 2014. On February 12, 2015, Appellant filed a pretrial motion to preclude the imposition of a 25-year mandatory minimum sentence based on his prior conviction for statutory rape. The court denied Appellant's motion on April 24, 2015. In a negotiated plea entered on November 2, 2015, Appellant agreed to plead no-contest to all charges, in exchange for the Commonwealth's decision not to seek the 25-year mandatory minimum sentence. With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on February 1, 2016. At the conclusion of the hearing, the court sentenced Appellant to consecutive terms of one (1) to two (2) years' incarceration on the indecent assault charge, two (2) to four (4) years' imprisonment on the unlawful contact with minors charge, and two (2) to four (4) years' incarceration on the corruption of minors charge. Thus, Appellant received an aggregate sentence of five (5) to ten (10) years' incarceration.

Appellant timely filed a motion to modify the sentence on February 8, 2016, claiming the court imposed an illegal sentence by sentencing Appellant above the aggravated range for each charge. After the Commonwealth filed a response on February 25, 2016, the court denied Appellant's motion on March 2, 2016. On March 31, 2016, Appellant timely filed a notice of appeal. The court ordered Appellant on April 4, 2016, to file a concise

statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on April 14, 2016.

Appellant raises a single issue for our review:

> WAS IT SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE AN ABUSE OF DISCRETION FOR THE COURT TO ORDER AN AGGREGATE SENTENCE OF 5 TO 10 YEARS BY IMPOSING THREE CONSECUTIVE SENTENCE[S] AND TO IMPOSE SENTENCES OUTSIDE ALL RANGES OF THE SENTENCING GUIDELINES WHEN SUCH SENTENCE WAS "UNREASONABLE" WITHIN THE MEANING OF 42 PA.C.S. § 9781(C)(3)?

(Appellant's Brief at 6).

Appellant argues his sentence is manifestly excessive because his sentence for indecent assault constituted the statutory maximum, and his sentences on the unlawful contact with minors and corruption of minors charges exceeded all ranges of the sentencing guidelines. Appellant contends the court focused solely on the similarity between his current offense and his prior conviction for statutory rape, instead of his rehabilitative needs or any mitigating factors. Appellant asserts the court improperly considered the terms of his plea agreement, under which the Commonwealth agreed not to invoke the applicable 25-year mandatory minimum sentence. Appellant maintains the court's imposition of consecutive sentences was "clearly unreasonable." Appellant's claims challenge the discretionary aspects of sentencing. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue, we must determine whether: (1) appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240

(2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13. "[C]laims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions." **Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa.Super. 2006). A substantial question exists where a defendant alleges the sentencing court considered improper factors when imposing an aggravated range sentence. **Commonwealth v. Stewart**, 867 A.2d 589, 592 (Pa.Super. 2005).

Instantly, Appellant filed his notice of appeal within thirty days of the court's denial of his post-sentence motions. **See** Pa.R.A.P. 903. Appellant's post-sentence motions properly preserved his sentencing challenge for appellate review, as does his brief, which includes a concise statement pursuant to Rule 2119(f) of reasons for allowance of appeal. **See** Pa.R.Crim.P. 720; Pa.R.A.P. 2119(f). For the crimes of unlawful contact with

minors and corruption of minors, the court's sentence exceeded the aggravated range. Appellant's complaint that the court relied on improper factors presents a substantial question. **See Stewart, supra**. Therefore, we review the merits of the sentencing issue.[2]

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Coulverson**, 34 A.3d 135, 143 (Pa.Super. 2011) (quoting **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the

---

[2] To the extent Appellant is displeased with the court's decision to impose consecutive sentences, that claim does not raise a substantial question; and we will not review it. **See Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595 (Pa.Super. 2010) (reiterating general rule that challenge to court's decision to order consecutive sentences fails to raise substantial question).

defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

"[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Commonwealth v. Walls*, 592 Pa. 557, 568, 926 A.2d 957, 963 (2007). In making this "unreasonableness" inquiry, this Court must consider four factors:

**§ 9781. Appellate review of sentence**

\* \* \*

**(d) Review of record.—**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4).

In *Walls, supra*, our Supreme Court explained that "the concept of unreasonableness" is "inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." *Id.* at 568, 926

A.2d at 963.

> Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781…. We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b).

*Id.* at 568-69, 926 A.2d at 964.

Instantly, the court described its considerations when fashioning Appellant's sentence:

> At the time of sentencing, we noted our review of the applicable guidelines and acknowledged the intention to sentence outside the guidelines. The sentences imposed at Counts 2 and 3 fell outside the aggravated range but well below the maximum potential sentence.
>
> At the outset, we noted our review of the pre-sentence report. … We further set forth at length our reasons in support of the sentences imposed. As to the sentencing outside the aggravated range, we cited the fact of the repeat victimization of a child as relevant to several sentencing factors, namely, [Appellant's] rehabilitative needs, the need for protection of the public and appropriate consideration of the seriousness of the crime. We noted that in 1994 at age 29, [Appellant] was convicted of statutory rape and corruption of minors involving an 11-year old child. Many years later, at age 50, [Appellant] conducted himself in a similar manner involving another innocent child. We noted our belief that

- 8 -

[Appellant] requires long-term rehabilitation to prevent danger to other children at the time of release from incarceration. We concluded that to impose a lesser sentence would violate the rights of the child-victim.

(Trial Court Opinion, filed July 18, 2016, at 4-5). The record supports the court's determination. Accordingly, we conclude Appellant is not entitled to relief on his issue; and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2016